**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | Case No.: 1:16-cv-01281 |
| DOMINIQUE G. COLLIOT, Defendant. | ) | |

**UNITED STATES OF AMERICA'S COMPLAINT**

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or her delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Defendant Dominique G. Colliot ("Colliot") to reduce to judgment and collect outstanding civil penalties assessed against him for his willful failure to timely report his financial interest in a foreign bank account as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies and the additional surcharge as authorized by 28 U.S.C. § 3011. In support hereof, the United States alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff.

2. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Colliot is a United States resident living in Austin, Texas. Alternatively, venue may be proper under 28 U.S.C. § 1395.

**COLLIOTS' FAILURE TO TIMELY REPORT HIS FINANCIAL INTEREST IN HIS FOREIGN BANK ACCOUNTS**

3. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

4. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the 2007 - 2010 years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[1]

**Colliot's financial interest, beneficial interest and control over foreign accounts**

5. During 2007 through 2010, Colliot, used a complex scheme of off trusts, companies, nominee ownership and some thirteen foreign financial accounts to conceal his assets outside of the United States.

6. During 2007 through 2010, Colliot, a United States resident, had a financial interest in, beneficial interest, control and signatory authority over at least thirteen foreign bank accounts,

[1] Beginning with the 2016 tax year, the due date of the FBAR form will be April 15. Pub. L. No. 114-41, § 2006(b)(11).

including (1) **Barclays** in the United Kingdom, three separate accounts ending 6000, 7622 and 8820; (2**) UBS AG** in Switzerland; (3**) Societe Generale** in France, two separate accounts ending 0136 and 2357; and (4) **Banque Sarasin & Cie** in Switzerland.

7. Colliot maintained the Barclays account ending in 6000 in his own name. ("Barclays 1").

8. Colliot maintained the Barclays account ending in 7622 in the name of Intersea Assets, Ltd. ("Barclays 2").

9. Colliot maintained the Barclays account ending in 8820 in the name of Intersea Assets, Ltd. ("Barclays 3").

10. Intersea Assets, Ltd., is a British Virgin Islands corporation formed in 2005.

11. Colliot owns 100% of Intersea Assets, Ltd.

12. Colliot maintained the UBS account in the name of Harmony Business Management Corp.

13. The UBS account in the name of Harmony Business Management Corp., was opened in 2005.

14. Harmony Business Management Corp is a British Virgin Islands corporation.

15. Colliot owns 100% of Harmony Business Management Corp.

16. Colliot maintained the Societe Generale account ending in 0136 in the name of MF Cosmesoap SARL. ("Societe Generale 1")

17. Colliot maintained the Societe Generale account ending in 2357 in the name of MF Cosmesoap SARL. ("Societe Generale 2")

18. Colliot owns 100% of MF Cosmesoap SARL.

19. Colliot maintained the Banque Sarasin & Cie account in the name of Outflow Capital Limited.

20. Colliot is the beneficial owner of Outflow Capital Limited.

21. During the 2007-2009 years, Colliot made numerous transfers between the UBS account in the name of Harmony and the Barclays 1 and Barclays 2 accounts in the name of Intersea Assets.

22. During the 2007 – 2009 years Colliot caused the transfer of funds from his various offshore accounts to himself and his children.

23. Colliot was a sophisticated investor who maintained investment accounts in the United States.

24. Colliot actively directed and controlled the investments in the Barclays 1, Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts.

**Colliot's foreign accounts balances exceeded $10,000 from 2007 through 2010 and his failure to disclose these accounts was willful**

25. Colliot knew that he had a "check the box" requirement to report his foreign bank accounts on his 2007 - 2010 tax returns.

26. Colliot had filed FBARs for 1996-2002 reporting his interest in French financial accounts.

27. Colliot was specifically aware of the requirement to report his interest in foreign bank accounts on Schedule B, line 7a, of his federal income tax returns.

***2007 year***

28. In 2007, Colliot had signature authority, control or an interest in the foreign bank accounts which were omitted from his FBAR as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/08 | Bank Location |
|---|---|---|---|---|
| Barclays 1 | XXXX6000 | $389,633 | unknown | United Kingdom |
| Barclays 2 | XXXX7622 | $318,848 | unknown | United Kingdom |
| Barclays 3 | XXXX8820 | $ 8,225 | unknown | United Kingdom |
| UBS SA | XXX-XXX288 | $523,980 | $646,546 | Switzerland |

29. During the 2007 year, the balances in the Barclays 1, Barclays 2, Barclays 3 and UBS accounts in the aggregate exceeded $10,000.

30. In 2007, Colliot had a financial interest in, and control over the Barclays 1, Barclays 2, Barclays 3 and UBS accounts which had balances in the aggregate exceeding $10,000. Thus, on or before June 30 of 2008, Colliot was required to file an FBAR reporting his interest in the Barclays 1, Barclays 2, Barclays 3 and UBS accounts.

31. In 2007, Colliot had a financial interest in, and control over, the Barclays 3 account.

32. Colliot failed to disclose his interests in the Barclays 1, Barclays 2, Barclays 3 and UBS accounts on his 2007 federal income tax return.

33. In 2007 Colliot did file an FBAR regarding several foreign bank accounts.

34. However, Colliot failed to file an FBAR regarding the Barclays 1, Barclays 2, Barclays 3 and UBS accounts despite these having foreign bank accounts having balances in the aggregate exceeding $10,000.

35. Colliot failed to timely file a FBAR for 2007 regarding the Barclays 1, Barclays 2, Barclays 3 and UBS accounts.

36. Colliot's failure to timely report his financial interest in the Barclays 1, Barclays 2, Barclays 3 and UBS accounts for 2007 was willful.

37. The IRS calculated the 2007 FBAR penalties on the Barclays 1, Barclays 2, Barclays 3 and UBS accounts as follows:

| Bank Name | FBAR penalty amount assessed |
|---|---|
| Barclays 1 | $100,000 |
| Barclays 2 | $100,000 |
| Barclays 3 | $ 5,000 |
| UBS | $323,773 |
| Total | $528,773 |

***2008 year***

38. In 2008, Colliot had signature authority, control or an interest in the foreign bank accounts which were omitted from his FBAR as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/09 | Bank location |
|---|---|---|---|---|
| Barclays 2 | XXXX7622 | $540,405 | unknown | United Kingdom |
| UBS SA | XXX-XXX288 | $757,567 | 0.00 | Switzerland |
| Societe Generale 1 | XXXXXXXXX01-36 | $278,723 | $142,471.93 | France |
| Banque Sarasin & Cie SA | .XXX60.9 | $157,937 | unknown | France |

39. Clearly, during the 2008 year, the balances in the Barclays 2, UBS, Societe General 1 and Banque Sarasin & Cie SA accounts exceeded $10,000.

40. In 2008, Colliot had a financial interest in, and control over, Barclays 2, UBS, Societe General 1 and Banque Sarasin & Cie SA accounts which had account balances exceeding $10,000. Thus, on or before June 30 of 2009, Colliot was required to file an FBAR reporting his interest in the Barclays 2, UBS, Societe General 1 and Banque Sarasin & Cie SA accounts.

41. Colliot failed to disclose his interests in the Barclay 2 account located in the United Kingdom on his 2008 federal income tax return.

42. Colliot failed to timely file a FBAR for 2008 regarding the Barclays 2, UBS, Societe General 1 and Banque Sarasin & Cie SA accounts.

43. Colliot's failure to timely report his financial interest in the Barclays 2, UBS, Societe General 1 and Banque Sarasin & Cie SA accounts for 2008 was willful.

44. The IRS calculated the 2008 FBAR penalties on the Barclays 2, UBS, Societe General 1and Banque Sarasin & Cie SA accounts as follows:

| Bank Name | FBAR penalty amount assessed |
|---|---|
| Barclays 2 | $ 54,041 |
| UBS SA | $ 55,011 |
| Societe Generale 1 | $ 71,236 |
| Banque Sarasin & Cie SA | $ 15,794 |
| Total | $196,082 |

**2009 year**

45. In 2009, Colliot had signature authority, control or an interest in the foreign bank accounts which were omitted from his FBAR as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/10 | Bank Location |
|---|---|---|---|---|
| Barclays 2 | XXXX7622 | $232,731 | unknown | United Kingdom |
| Barclays 3 | XXXX8820 | $ 16,020 | unknown | United Kingdom |
| UBS SA | XXX-XXX288 | $757,567 | 0.00 | Switzerland |
| Societe Generale 1 | XXXX XXXX01-36 | $335,145 | $142,471.93 | France |
| Societe Generale 2 | XXXXXXXXX23-57 | $ 67,300 | unknown | France |
| Banque Sarasin & Cie SA | .XXX60.9 | $ 52,067 | unknown | France |

46. Clearly, during the 2009 year, the balances in the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts exceeded $10,000.

47. In 2009, Colliot had a financial interest in, and control over, the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA foreign accounts which had account balances exceeding $10,000. Thus, on or before June 30 of 2010, Colliot was required to file an FBAR reporting his interest in the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts.

48. Colliot did file an FBAR for the 2009 year but failed to report his interest in the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts.

49. On July 2, 2010, Colliot filed his 2009 federal income tax return. Colliot failed to disclose his interests in Barclays 2 and Barclays 3 accounts located in the United Kingdom on his 2009 federal income tax return.

50. Colliot failed to timely file a FBAR for 2009 regarding the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts.

51. Colliot's failure to timely report his financial interest in the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts for 2009 was willful.

52. The IRS calculated the 2009 FBAR penalties on the Barclays 2, Barclays 3, UBS, Societe General 1, Societe General 2 and Banque Sarasin & Cie SA accounts as follows:

| Bank Name | FBAR penalty amount assessed |
|---|---|
| Barclays 2 (7622) | $23,273 |
| Barclays 3 (8820) | $ 1,602 |
| UBS SA | $11,565 |
| Societe Generale 1 | $33,515 |
| Societe Generale 2 | $ 6,730 |
| Banque Sarasin & Cie SA | $12,158 |
| Total | $88,843 |

***2010 year***

53. In 2010, Colliot had signature authority, control or an interest in the foreign bank accounts which were omitted from his FBAR as follows:

| Bank Name | Account Number | Maximum Balance | Balance as of 6/30/11 | Bank Location |
|---|---|---|---|---|
| Societe Generale 2 | XXXXXXXXX23-57 | $54,000 | unknown | France |
| Banque Sarasin & Cie SA | .XXX60.9 | $22,124 | unknown | France |

54. Clearly, during the 2010 year, the balances in the Societe General 2 and Banque Sarasin & Cie SA accounts exceeded $10,000.

55. Thus, on or before June 30 of 2011, Colliot was required to file an FBAR reporting his interest in the Societe General 2 and Banque Sarasin & Cie SA accounts.

56. Colliot did file an FBAR for the 2010 year but failed to report his interest in the Societe General 2 and Banque Sarasin & Cie SA accounts.

57. Colliot failed to timely file a FBAR for 2010 regarding the Societe General 2 and Banque Sarasin & Cie SA accounts.

58. Colliot's failure to timely report his financial interest in the Societe General 2 and Banque Sarasin & Cie SA accounts for 2010 was willful.

59. The IRS calculated the 2010 FBAR penalties on the Societe General 2 and Banque Sarasin & Cie SA accounts as follows:

| Bank Name | FBAR penalty amount assessed |
|---|---|
| Societe Generale 2 | $ 5,400 |
| Banque Sarasin & Cie SA | $ 5,000 |
| Total | $10,400 |

**Colliot's 2007 - 2010 FBAR Penalty assessments**

60. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for a willful failure to comply with the reporting requirements of Section 5314 – *i.e.*, when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is 50% of the balance of the account at the time of the violation or $100,000, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)(i).

61. Due to Colliot's willful failure to timely file FBARs reporting his financial interest in the UBS account for 2007 - 2010, a delegate of the Treasury Secretary assessed penalties against him pursuant to 31 U.S.C. § 5321(a)(5) as follows:

| Tax Year | Amount of Assessment | Date of Assessment |
|---|---|---|
| 2007 | $528,773 | 12/10/2014 |
| 2008 | $196,082 | 09/21/2015 |
| 2009 | $ 88,843 | 06/29/2016 |
| 2010 | $ 10,400 | 06/29/2016 |
| Total | $824,098 | |

62. The IRS assessments of the FBAR penalties were timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations for the assessment of an FBAR penalty is six years from the date of the violation. The Form TD F 90-22.1, or FBAR, for the 2007 year was due on June 30, 2008. Thus, without any extensions, the last day for the assessment of the FBAR penalty for 2007 would have been June 30, 2014. However, on June 16, 2014, Colliot signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2007 year until

December 31, 2014. The FBAR penalty for the 2007 year was timely assessed on December 10, 2014.

63. The Form TD F 90-22.1, or FBAR, for the 2008 year was due on June 30, 2009. Thus, without any extensions, the last day for the assessment of the FBAR penalty for 2008 would have been June 30, 2015. However, on April 14, 2015, Colliot's authorized representative signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2008 year until September 30, 2015, against Colliot. The FBAR penalty for 2008 was timely assessed on September 21, 2015.

64. The Form TD F 90-22.1, or FBAR, for the 2009 and 2010 years were due on June 30, 2010 and June 30, 2011, respectively. Thus, without any extensions, the last day for the assessment of the FBAR penalty for 2009 and 2010 would have been June 30, 2016, and June 30, 2017, respectively. The FBAR penalty for 2009 and 2010 were timely assessed on June 29, 2016. [2]

65. A delegate of the Treasury Secretary also gave Colliot notice and demand of the penalty assessments for 2007 - 2010.

66. Despite the notice and demand for payment, Colliot has failed to pay the 2007 - 2010 FBAR penalties assessed against him. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

67. As of October 7, 2016, Colliot owes the United States $917,446.82 in penalties assessed under 31 U.S.C. § 5321, including interest and other statutory additions which have accrued and will continue to accrue as provided by law.

[2] The 2010 FBAR statute of limitations for assessment would be June 30, 2017.

68.     Furthermore, this suit is timely because it was commenced within two years of the assessment date.  Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment.  The earliest assessment for an FBAR penalty in this case was the 2007 year which was timely assessed on December 10, 2014. Thus, the United States has until December 10, 2016, to timely file this suit.

WHEREFORE, the United States of America requests that the Court enter judgment in favor of the United States against Dominique Colliot for his 2007 - 2010 FBAR penalty assessments in the aggregate amount of $917,446.82 as of October 7, 2016, plus accruals and such other and further relief as the Court deems just and proper.

RICHARD L. DURBIN, JR.
United States Attorney

/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
JON E. FISHER
State Bar No. 550177-MA
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9754
(214) 880-9774 (facsimile)
Herbert.W.Linder@usdoj.gov
Jon.Fisher@usdoj.gov

ATTORNEYS FOR UNITED STATES