IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,

-vs-

DOMINIQUE G. COLLIOT,
         **Defendant.**

CAUSE NO.:
AU-16-CA-01281-SS

## ORDER[1]

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant Dominique Colliot's Motion to Compel Disclosure and for Declaration the Government Has Fully Waived Attorney-Client Privilege [#31], the Government's Response [#37] in opposition, and Colliot's Reply [#42] in support. Having reviewed the documents, the relevant law, the arguments of counsel, and the case file as a whole, the Court now enters the following opinion and order.

**Background**

In December 2016, the Government initiated this lawsuit against Colliot to reduce to judgment and collect outstanding civil penalties assessed in connection with Colliot's failure to report a financial interest in a foreign bank account. Compl. [#1] at 1. Colliot answered in April 2017, and discovery commenced shortly thereafter. Answer [#22]; Sched. Order [#25].

On July 17, 2017, the Government sent Colliot its Rule 26 initial disclosures. These disclosures included the unredacted 978-page administrative file on Colliot's case as well as a privilege log. Upon review, Colliot discovered the Government had failed to withhold or redact

---

[1] This order has been amended to correct the numbering of footnotes contained herein.

1

documents as indicated in its privilege log. Colliot also compared the file with previous forms he had received from the IRS and discovered the IRS agent had, on at least one occasion, copied and pasted portions of an IRS counsel's memoranda into the forms that were sent to Colliot. Colliot subsequently notified the Government of the unintentional disclosure. The Government then provided a revised administrative file and asked Colliot to delete the unredacted version the Government had inadvertently produced.

Instead of deleting or returning the unredacted administrative file, Colliot retained the documents and filed this motion asking the Court to find the Government has waived attorney-client privilege as to the entirety of the 978-page administrative file. This pending motion is now ripe for review.

## Analysis

### I. Legal Standard—Waiver

"The application of the attorney-client privilege is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents." *EEOC v. BDO USA, LLP*, No. 16-20314, 2017 WL 5494237, at *3 (5th Cir. 2017) (internal quotation marks and citations omitted). Though the party asserting the privilege bears the burden of proving the privilege applies, "[o]nce the privilege has been established, the burden shifts to the other party to prove any applicable exceptions." *Id.*[2] The Fifth Circuit pursues two inquiries in determining whether a claim of privilege has been waived: (1) whether the person holding the right to claim the privilege intended to waive it and (2) whether it is fair and consistent with the assertion of the

---

[2] Colliot cites *EEOC v. BDO USA, LLP* for the proposition that the party asserting attorney-client privilege bears the burden of demonstrating the privilege applies. No. 16-20314, 2017 WL 5494237, at *3 (5th Cir. 2017); *see also* Mot. Compel [#31] at 4. However, Colliot has not disputed the IRS counsel memos were initially protected by attorney-client privilege. *See* Reply Mot. Compel [#42] at 3 ("Colliot does not dispute that the materials . . . were privileged."). Instead, he argues attorney-client privilege has been *waived*—a different issue and one for which Colliot appears to bear the burden of proof. *See EEOC*, 2017 WL 5494237 at *4 ("Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions." (internal citation and quotation marks omitted)).

2

claim being made to allow the privilege to be invoked. *United States v. Seale*, 600 F.3d 473, 492 (5th Cir. 2010).

**II.    Application**

In asking the Court to find the Government has waived privilege, Colliot puts forward two arguments. First, Colliot suggests the IRS revenue agent waived attorney-client privilege when he inserted language from IRS counsel memos into the IRS forms sent to Colliot. Second, Colliot argues the Government cannot assert work product privilege over the documents in the administrative file because the Government has waived the right to assert work product privilege and because the documents were not prepared in anticipation of litigation. It is unnecessary to reach Colliot's arguments relating to work product privilege because the Court concludes the Government did not waive attorney-client privilege as to the IRS counsel memos.

**A.    Waiver by Disclosure**

Colliot contends IRS Agent Anton Pukhalenko effected a broad waiver of attorney-client privilege by inserting language from IRS counsel memos into several IRS forms provided to Colliot. The IRS form at issue—Form 886A—is sometimes provided to taxpayers in order to explain actions taken or penalties imposed by the IRS. In connection with assessments of penalties against Colliot for failure to report his financial interests in foreign bank accounts, the IRS provided several such forms to explain why the IRS had imposed the penalties. In addition to discussing the factual bases for the imposition of penalties, the forms also contain a "Law & Analysis" section which lays out the legal basis for the penalties.

In filling out the "Law and Analysis" portion of Form 886A, Agent Pukhalenko sometimes borrowed language from communications with IRS counsel in order to explain the assessment of tax penalties imposed upon Colliot. Mot. Compel [#31] at 3. Agent Pukhalenko

3

did not present the language as having come from IRS counsel, but instead presented it as his own attempt to set forth the legal bases underlying the assessment of the penalties. Colliot contends this use of the IRS counsel memos constitutes a "voluntary and substantial disclosure" which "completely waives attorney-client privilege" as to *all* of the documents identified in the Government's privilege log. *Id.* at 6.

The Court finds Colliot has not met his burden of demonstrating waiver has occurred. For one, though Colliot claims it is "axiomatic" that restatements of an attorney's legal advice or legal conclusions waive attorney-client privilege, Colliot has pointed to no factually analogous precedent within this Circuit which might justify his position. *See* Mot. Compel [#31] at 5; *cf. Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2016 WL 8677303, at *3 (W.D. Tex. 2016) (holding restatement of attorney's legal conclusion "was not an attorney-client communication, or the disclosure of such a communication"). Here, Agent Pukhalenko did not disclose the actual attorney communications to Colliot, nor did he indicate that the borrowed language had come from an IRS attorney. The Court finds Agent Pukhalenko did not waive privilege as to the IRS counsel memos when he used language borrowed from those memos to convey the IRS's legal conclusions.

The Court also finds upholding the privilege to be consonant with the underlying purposes of attorney-client privilege. Colliot seeks a determination the Government has waived privilege as to its entire privilege log. Mot. Compel [#31] at 6. However, such subject matter waivers "generally occur[] only where the party holding the privilege seeks to gain some strategic advantage by disclosing favorable, privileged information, while holding back that which is unfavorable." *Yeti Coolers*, 2016 WL 8677303, at *2; *see also Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("[W]hen a party entitled to claim the attorney-client

4

privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege.").

Here, the Government has not attempted to disclose favorable information while holding back unfavorable information under the pretense of privilege. Rather, IRS Agent Pukhalenko used the legal guidance of IRS counsel to inform his contemporaneous explanation of tax penalties imposed on Colliot.[3] This is a far cry from an "offensive" use of confidential information sufficient to justify subject matter waiver. *See Yeti Coolers*, 2016 WL 8677303, at *3. Moreover, even if subject matter waiver had occurred, Colliot has presented no rationale delineating why or how the entire contents of the privilege log might fall within the scope of the subject matter waiver.[4]

## Conclusion

In sum, the Court finds Colliot has not met his burden of showing the Government has waived attorney-client privilege as to the IRS counsel memos, much less as to its entire privilege log. The attorney-client communications themselves were not disclosed, nor did IRS Agent Pukhalenko give any indication the borrowed language had originated in an internal IRS counsel memo. Furthermore, Colliot has given no justification for his claim the Government has effected a subject-matter waiver as to all entries in its privilege log.

---

[3] The Court notes in this regard the Government might have additionally asserted the deliberative process privilege with respect to the IRS counsel memos. *See generally Town of Norfolk v. United States Army Corps of Eng'rs*, 968 F.2d 1438, 1458 (1st Cir. 1992) (describing scope and function of deliberative process privilege).

[4] On a related note, Colliot has repeatedly insisted he has a special interest in the IRS counsel memos because "agencies have a well-established obligation to provide[] regulated parties with access to the *full* administrative record on which their decision-making is based" and because Colliot has asserted defenses under the Administrative Procedure Act. Mot. Compel [#31] at 8 (emphasis in original). However, despite their inclusion within the Government's administrative file here, deliberative materials are generally excluded from the administrative record as considered by the court. *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 794–95 (E.D. Va. 2008) ("A complete administrative record . . . does not include privileged materials, such as documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege."). While such materials may be redacted and included within the record if they introduce factual information not otherwise within the administrative record, *id.*, Colliot has made no such contention here.

5

Accordingly,

IT IS ORDERED Colliot's Motion to Compel Disclosure and for Declaration the Government Has Fully Waived Attorney Client Privilege [#31] is DENIED.

SIGNED this the 15th day of December 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE