IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,

-vs-

DOMINIQUE G. COLLIOT,
         Defendant.

CAUSE NO.:
AU-16-CA-01281-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant Dominique Colliot's Motion for Summary Judgment [#52], the United States of America (the IRS)'s Response [#57] in opposition, Colliot's Reply [#58] in support, and the IRS's Surreply[1] [#59-2] in opposition as well as Colliot's Unopposed Motion to Modify Order on Prejudgment Writ of Garnishment to UBS [#61]. Having reviewed the documents, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

In December 2016, the Internal Revenue Service (IRS) initiated this lawsuit to reduce to judgment outstanding civil penalties assessed against Colliot. Compl. [#1] at 1. The penalties were assessed for Colliot's repeated and willful failures to timely file Form TD F 90-22.1, entitled "Report of Foreign Bank and Financial Accounts" and commonly referred to as an "FBAR," from 2007 to 2010. Mot. Summ. J. [#52]. For 2007, the IRS assessed penalties of

---

[1] The Court herein considers the arguments raised in the surreply and the IRS's Motion for Leave to File Surreply [#59] is GRANTED. Additionally, the IRS's Motion for Extension of Time to File Response [#55] and Motion to Withdraw Motion for Extension of Time to File Response [#56] are both DISMISSED as moot.

1

$548,773 for four separate FBAR violations. Resp. Mot. Summ. J. [#57] at 15. For 2008, the IRS assessed penalties of $196,082 for another four FBAR violations. *Id.* at 16. The IRS also assessed smaller penalties in 2009 and 2010. *Id.* at 17. In forms provided to Colliot in connection with the assessment of these penalties, the IRS stated the penalties were authorized under 31 U.S.C. § 5321(a)(5) and 31 C.F.R. § 1010.820(g)(2). Mot. Summ. J. [#52-12] Ex. L at 2.

These underlying facts are not in dispute. Colliot now moves for summary judgment on the ground the IRS incorrectly applied the law when it calculated the monetary penalties assessed against Colliot. Mot. Summ. J. [#52]. This pending motion is ripe for review.

## Analysis

### I. Motion for Summary Judgment

#### A. Legal Framework

To understand Colliot's argument, it is first necessary to briefly review the history of the provision used to impose civil penalties upon Colliot, 31 U.S.C. § 5321(a)(5). A previous version of § 5321(a)(5) allowed the Secretary of the Treasury to impose civil monetary penalties amounting to the greater of $25,000 or the balance of the unreported account up to $100,000. *See* Resp. Mot. Summ. J. [#57] at 2. A related regulation promulgated by the Department of the Treasury via notice-and-comment rulemaking, 31 C.F.R. § 103.57, reiterated that "[f]or any willful violation committed after October 26, 1986 . . . the Secretary may assess upon any person, a civil penalty[] . . . not to exceed the greater of the amount (not to exceed $100,000) equal to the balance in the account at the time of the violation, or $25,000." Amendments to Implementing Regulations Under the Bank Secrecy Act, 52 Fed. Reg. 11436, 11445–46 (1987).

In 2002, the Treasury delegated the authority to assess penalties under § 5321(a)(5) to the Financial Crimes Enforcement Network (FinCEN). Treasury Order 180-01, 67 Fed. Reg. 64697

(2002). In addition to this delegation of enforcement authority, Treasury Order 180-01 provided that related regulations were unaffected by this transfer of power and should continue in effect "until superseded or revised." *Id.* Roughly six months later, FinCEN redelegated the authority to assess penalties under § 5321(a)(5) and its related regulation, § 103.57, to the IRS. Mot. Summ. J. [#52-5] Ex. E (Memorandum of Agreement and Delegation of Authority for Enforcement of FBAR Requirements).

In 2004, Congress amended § 5321 to increase the maximum civil penalties that could be assessed for willful failure to file an FBAR. 31 U.S.C. § 5321(a)(5); American Jobs Creation Act of 2004, Pub. L. No. 108-357, § 821, 118 Stat. 1418 (2004). Under the revised statute, the civil monetary penalties for willful failure to file an FBAR increased to a minimum of $100,000 and a maximum of 50 percent of the balance in the unreported account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C).

Despite this change, the regulations promulgated in reliance on the prior version of the statute remained unchanged. Thus, § 103.57 continued to indicate the maximum civil penalty for willful failure to file an FBAR was capped at $100,000. FinCEN subsequently renumbered § 103.57—it is now 31 C.F.R. § 1010.820—as part of a large-scale reorganization of regulatory provisions. It also amended part of the regulation to account for inflation. Civil Monetary Penalty Adjustment and Table, 81 Fed. Reg. 42503, 42504 (2016). FinCEN did not, however, revise the regulation to account for the increased maximum penalty now authorized under § 5321(a)(5). 31 C.F.R. § 1010.820. Nevertheless, the IRS did not let § 103.57 (now § 1010.820) constrain its enforcement authority, and since 2004, the IRS has repeatedly levied penalties for willful FBAR violations in excess of the $100,000 regulatory cap. Resp. Mot. Summ. J. [#57] at 3.

**B. Application**

Under 5 U.S.C. § 706(2), a court must hold unlawful and set aside agency actions which are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Colliot argues the IRS acted arbitrarily and capriciously by assessing penalties against Colliot in excess of those allowed by § 1010.820. Mot. Summ. J. [#52] at 4–5 (arguing penalties imposed in excess of the $100,000 cap set forth in § 1010.820 are "not in accordance with the law"). In turn, the IRS argues § 1010.820 is inconsistent with the 2004 amendments to § 5321(a)(5)(C) and was therefore implicitly superseded or invalidated by those statutory revisions. Resp. Mot. Summ. J. [#57] at 5, 7 (arguing the IRS followed "the actual law" instead of the agency's superseded regulation); *see also United States v. Larionoff*, 431 U.S. 864, 873 (1977) ("[I]n order to be valid[,] [regulations] must be consistent with the statute under which they are promulgated."). If the amendments to § 5321(a)(5) vitiated the lower penalty threshold set out in § 1010.820, then the IRS cannot have acted arbitrarily or capriciously by failing to apply § 1010.820 to cap the penalties levied on Colliot.

Unfortunately for the IRS, there is little reason to believe § 5321(a)(5)(C) implicitly superseded or invalidated § 1010.820. Section 5321(a)(5) sets a ceiling for penalties assessable for willful FBAR violations, but it does not set a floor.[2] 31 U.S.C. § 5321(a)(5). Instead, § 5321(a)(5) vests the Secretary of the Treasury with discretion to determine the amount of the penalty to be assessed so long as that penalty does not exceed the ceiling set by § 5321(a)(5)(C).

---

[2] The IRS argues Congress clearly intended to increase penalties for willful FBAR violations when it amended § 5321(a)(5), and therefore, § 5321 implicitly supersedes § 1010.820. Resp. Mot. Summ. J. [#57] at 9. This argument is foreclosed by the unambiguous text of § 5321(a)(5), which allows the Secretary of the Treasury to assess larger penalties than those provided for by § 1010.820 but ultimately leaves the decision of whether or not to do so within the Secretary of the Treasury's discretion. *See* 31 U.S.C. § 5321(a)(5) (providing the Secretary of the Treasury "*may* impose a civil penalty" falling within the penalty threshold set by § 5321(a)(5)(C) (emphasis added)).

4

*Id.* And § 1010.820—a regulation validly issued by the Treasury via notice-and-comment rulemaking—purports to cabin that discretion by capping penalties at $100,000.[3] 31 C.F.R. § 1010.820. Thus, considered in conjunction with § 5321, § 1010.820 is consistent with § 5321's delegation of discretion to determine the amount of penalties to be assessed. *See U.S. Pipe & Foundry Co. v. Webb*, 595 F.2d 264, 272 (5th Cir. 1979) ("Regulations are presumed valid unless they are shown to be unreasonable or contrary to the provisions of the enabling statute."). Since § 1010.820 can be applied consistent with § 5321(a)(5), the Court concludes § 5321(a)(5) does not implicitly invalidate or supersede § 1010.820.

In sum, § 1010.820 is a valid regulation, promulgated via notice-and-comment rulemaking, which caps penalties for willful FBAR violations at $100,000. 31 C.F.R. § 1010.820. Rules issued via notice-and-comment rulemaking must be repealed via notice-and-comment rulemaking. *See Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199, 1206 (2015) (requiring agencies to "use to the same procedures when they amend or repeal a rule as they used to issue the rule in the first instance"). Section 1010.820 has not been so repealed and therefore remained good law when the FBAR penalties in question were assessed against Colliot. Consequently, the IRS acted arbitrarily and capriciously when it failed to apply the regulation to cap the penalties assessed against Colliot. 5 U.S.C. § 706(2) (requiring agency action to be "in accordance with law"); *see also Richardson v. Joslin*, 501 F.3d 415, (5th Cir. 2007) ("[A]n agency must abide by its own regulations.") (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)).

---

[3] If FinCEN or the IRS wished to preserve their discretion to award the maximum possible penalty for willful FBAR violations under § 5321(a)(5), they might easily have written or revised § 1010.820 to do so. For example, § 1010.820 might have incorporated § 5321(a)(5)'s maximum penalty thresholds by reference, or alternatively, the IRS might have revised § 1010.820 to reflect the increased penalty limits. Instead, FinCEN and the IRS enacted and then left in place the $100,000 penalty cap.

## II. Motion to Modify Order on Prejudgment Writ of Garnishment

Colliot also asks the Court to modify its Order on Prejudgment Writ of Garnishment to UBS [#19]. Mot. Modify [#61]. Specifically, Colliot asks the Court modify the order to authorize the purchase and sale of U.S. Treasury bills with a maturity date of one year or less using funds withheld by the writ of garnishment. *Id.* [#61] at 2. The funds are otherwise to remain segregated with UBS under the terms of the original order. *Id.* The Court finds the terms of these proposed modifications to the order reasonable and unopposed by the IRS, and therefore the Court grants Colliot's request for the modifications specified above. However, the Court does not at this time consent to the transfer of increases in the segregated funds resulting from interest accruals or proceeds from the sale or maturity of the Treasury bills.

## Conclusion

The Court agrees with Colliot that the IRS cannot assess penalties in excess of the threshold set by 31 C.F.R. § 1010.820. However, neither party has briefed the Court on what relief might be appropriately afforded Colliot in these circumstances, and at this time, the Court declines Colliot's unsupported request that the Court dismiss the entire action with prejudice. *See* Mot. Summ. J. [#52] at 11. Instead, the Court orders the parties provide additional briefing on the appropriate next steps in this case.

Accordingly,

IT IS ORDERED Colliot's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART as described in this opinion;

IT IS FURTHER ORDERED the parties shall within THIRTY (30) days file with the Court a brief memo of no more than TEN (10) pages regarding whether the Court should dismiss this case with prejudice and citing to legal authority in support; and

6

IT IS FINALLY ORDERED that Colliot's Unopposed Motion to Modify Order on Prejudgment Writ of Garnishment to UBS [#61] is GRANTED IN PART and DENIED IN PART as described in this opinion.

SIGNED this the 15th day of May 2018.

                                       /s/ Sam Sparks
                                       SAM SPARKS
                                       SENIOR UNITED STATES DISTRICT JUDGE