UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**DOMINIQUE G. COLLIOT, ET AL.,**<br><br>Defendants. | Case No. 1:16-cv-01281 |

**DEFENDANT DOMINIQUE G. COLLIOT'S
BRIEF IN SUPPORT OF DISMISSAL**

This Court recently granted the motion for summary judgment filed by Dominique G. Colliot ("Colliot") because the IRS acted arbitrarily and capriciously in failing to apply 31 C.F.R. § 1010.820[1] when assessing FBAR penalties against Colliot. In the same order, the Court directed the parties to file memoranda analyzing whether, in light of this ruling, the Court should dismiss this case with prejudice. Colliot contends that dismissal with prejudice is the appropriate consequence of the Court's ruling and, in support thereof, submits this memorandum of law.

I.    Vacatur is Proper Remedy for Arbitrary and Capricious Action

The Administrative Procedure Act ("APA") mandates that "[t]he reviewing court *shall . . . set aside* agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2) (emphasis added). Thus, "[w]hen a court determines that an agency's decision was unlawful under the

---

[1] Prior to renumbering 31 C.F.R. § 1010.820 was known as 31 C.F.R. § 103.57. For ease of reference, all citations to such regulation herein shall be to § 1010.820.

114931388.1

APA, vacatur is the typical remedy." *Audubon Society of Portland, et al. v. United States Army Corps of Engineers*, No. 3:15-cv-665; 2016 WL 45770009 (D. Or. Aug. 31, 2016) (citing 5 U.S.C. § 706(2)(A)); *see also Sierra Club v. U.S. Fish & Wildlife Serv., Nat'l Marine Fisheries Serv.,* 245 F.3d 434, 447 n.86 (5th Cir. 2001) ("We reverse agency action that is 'arbitrary [and] capricious . . . ."); *Delek Refining Ltd. v. OSHRC,* 845 F.3d 170, 174-79 (5th Cir. 2016) (penalty assessments vacated upon APA review for violation of applicable statute of limitations).

As this Court has already concluded, § 1010.820 "remained good law when the FBAR penalties in question were assessed against Colliot." [ECF 62 at 5]. Further, "the IRS acted arbitrarily and capriciously when it failed to apply the regulation to cap the penalties assessed against Colliot." [ECF 62 at 5]. Thus, the offending federal agency action in this case arises from the "assessment" of FBAR penalties (representing final agency action).

The IRS undertook separate penalty assessment actions for each of the 2007 through 2010 reporting years. [ECF 16 at ¶ 61; ECF 57-20]. The IRS premised all of these assessments on a "willful" determination, making them subject to the governing FinCEN regulation concerning willful FBAR penalties. Specifically, § 1010.820 details how and under what circumstances the IRS can impose a willful FBAR penalty, including but not limited to assessments capped at $100,000. *See* § 1010.820(g) ("For *any* willful violation committed after October 27, 1986 . . .") (emphasis added). However, the government admitted that it did not observe the limitations of § 1010.820 when making *any* of the relevant FBAR penalties assessments against Colliot, erroneously contending that § 1010.820 is "not the law applicable to the assessment of FBAR penalties." [ECF 57-1 at 8 (Admission #6)].

Because the IRS admits that it ignored what this Court has concluded to be the governing legal standards when making the assessments against Colliot, the law requires that those

2

assessments be vacated, subject only to a harmless error exception (discussed further below).

## II. Remand Of Unlawful Action To IRS

In addition to vacating agency action, if "a court finds that an agency has acted arbitrarily in violation of the APA . . . the appropriate remedy is to remand the issue back to the agency for reconsideration and, if appropriate, further investigation or an explanation adequate to support the agency's decision upon remand." *Mohammed v. Holder*, 47 F. Supp. 3d 1236, 1263 (D. Colo. 2014), *appeal dismissed* (Nov. 19, 2014) (citing *Fox Television Stations, Inc. v. F.C.C.*, 280 F.3d 1027, 1047 (D.C. Cir. 2002)); *see also Sierra Club,* 245 F.3d at 447 n.86 ("If a reviewing court agrees that the agency misinterpreted the law, it will set aside the agency's action and remand the case—even though the agency (like a new jury after a mistrial) might later, in the exercise of its lawful discretion, reach the same result for a different reason.").

In *Sierra Club*, the federal agency relied on an arbitrary and capricious regulation. The Fifth Circuit determined that, on remand, the agency would "be given the opportunity to reconsider their decision in light of the appropriate legal standards." *Sierra Club,* 245 F.3d at 447. Here, the IRS similarly misinterpreted the law, not by applying an invalid regulation, but by failing to apply a valid regulation. Because the failure to properly apply the regulation constitutes arbitrary and capricious action (as determined by the Court), the unlawful action must be vacated and remanded to the federal agency to apply the appropriate legal standards.

However, a remand under the circumstances of this case would be futile. Even though it is clearly within the Court's authority to remand the FBAR penalty determination to the IRS, it is not possible now for the IRS to correct its invalid penalty assessments arising from the failure to apply the governing regulation. The IRS would need to re-assess penalties in a manner that complies with the governing regulations. However, FBAR penalty assessments are subject to a

3

six-year statute of limitations.  31 U.S.C. § 5321(b)(6).  And the IRS is barred by the statute of limitations from making new assessments for the 2007 through 2010 reporting years.  Thus, the penalty assessments must be vacated without any ability to re-assess upon remand.

III.     Remand Without Vacatur Is Not An Appropriate Remedy In This Case

Remand without vacatur is appropriate in certain circumstances.  *See Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993). "[I]n deciding whether to vacate a flawed agency action, the district court should be guided by two principal factors: (1) 'the seriousness of the . . . deficiencies' of the action, that is, how likely it is 'the [agency] will be able to justify' its decision on remand; and (2) 'the disruptive consequences of vacatur.'" *Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 197 (D.C. Cir. 2009) (quoting *Fox Television Stations, Inc. v. FCC*, 280 F.3d 1027, 1048-49 (D.C. Cir. 2002)).

"The Fifth Circuit has similarly held that an agency's failure to provide reasons supporting a determination does not necessarily require vacatur, stating that '[c]ourts have explained that "remand is generally appropriate when 'there is at least a serious possibility that the [agency] will be able to substantiate its decision' given an opportunity to do so, and when vacating would be 'disruptive.' " ' " *Atchafalaya Basinkeeper, et al. v. U.S. Army Corps of Engineers,* No. 18-30257 (5th Cir. March 15, 2018) (quoting *Cent. & S.W. Servs., Inc. v. EPA*, 220 F.3d 683, 692 (5th Cir. 2000) (quoting *Radio–Television News Dirs. Ass'n v. FCC*, 184 F.3d 872, 888 (D.C. Cir. 1999) (quoting *Allied-Signal, Inc.*, 988 F.2d at 151))).  "However, vacatur is the ordinary remedy." *Atchafalaya Basinkeeper,* No. 18-30257 at n.3 (W.E. Davis, dissenting) (citing *Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)).

Here, remand without vacatur is inappropriate.  If the offending FBAR penalty assessments were *not* vacated upon remand to the IRS for further consideration, that would leave

unlawful penalties in place. This situation is unlike many APA challenges involving procedural or substantive challenges to federal agency rules or regulations. In that context, to mitigate the regulatory gap that often ensues upon vacating an agency rule, a court may understandably choose not to vacate the agency rule or regulation if there is "at least a serious possibility" the agency will be able to substantiate its decision on reconsideration, and when vacating would be "disruptive." Similarly, there are many examples of courts granting an agency's request for remand *before* reaching the merits of a challenge to agency action (necessarily without vacating agency action). *See, e.g.*, *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) (noting "the tradition of allowing agencies to reconsider their actions where events pending appeal draw their decision in question"); *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (holding "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position").

In this case, however, the Court has already considered the merits of whether § 1010.820 remains a valid regulation. Thus, the IRS cannot possibly rationalize *post hoc* on remand its decision to ignore the regulatory limits of § 1010.820. The Court has already been fully briefed on the merits of whether § 1010.820 is a valid regulation and held that the IRS' action was arbitrary and capricious in failing to recognize it as good law. Because the IRS cannot justify penalties assessed in violation of the regulation, remanding the penalty determination without vacating the original penalty assessments is not an appropriate remedy.

IV.     The IRS' Arbitrary and Capricious Penalty Assessment Was Not Harmless

Notwithstanding the statutory mandate that unlawful agency action be "set aside," the court is not obliged to vacate the agency's action if it represents harmless error. "In administrative law, as in federal civil and criminal litigation, there is a harmless error rule."

5

*United States v. Johnson,* 632 F.3d 912, 930 (5th Cir. 2011) (quoting *Nat'l Ass'n of Home Builders v. Defs. Of Wildlife,* 551 U.S. 644, 659-60 (2007)). Agency error may be harmless where the federal agency action "clearly had no bearing on the procedure used or the substance of the decision reached." *See Sierra Club v. U.S. Fish & Wildlife Serv., Nat'l Marine Fisheries Serv.,* 245 F.3d 434, 444 (5th Cir. 2001) (quoting *U.S. Steel Corp. v. EPA,* 595 F.2d 207, 215 (5th Cir. 1979)). Further, "absence of such prejudice must be clear for harmless error to be applicable." *Id.* (citation omitted); *see also United States v. Johnson,* 632 F.3d at 931 (noting the "limited role of the harmless error doctrine in administrative law").

In *Sierra Club* the U.S. Fish and Wildlife Services together with the National Marine Fisheries Service relied on an invalid regulation in refusing to designate "critical habitat" for the Gulf sturgeon. After finding the applicable regulation "to be facially invalid," the Fifth Circuit further found that "we do not find that prejudice was clearly absent" due to the extent to which the invalid regulation "permeates" the agencies' decision. *Id.* at 443-44.

In Colliot's case the federal agency failed to apply a valid regulation, rather than apply an invalid regulation. Nevertheless, the harm caused to Colliot by the IRS' failure to apply the regulatory penalty caps was substantial. Moreover, the monetary impact of the failure to properly apply § 1010.820 permeates through the vast total of penalties assessed. Thus, the assessments cannot be saved on the basis of harmless error.

As the Court held, "the IRS cannot assess penalties in excess of the threshold set by 31 C.F.R. § 1010.820." [ECF 62 at 5-6]. Section 1010.820 imposes an overall cap of $100,000 on willful FBAR penalties. In addition, however, § 1010.820 caps penalties by the greater of the balance in the account at the time of the violation, or $25,000. Thus, the penalty cap may be less than $100,000 if the balance of the account is less than $100,000 at the time of the violation.

In this case the assessed penalties fall into four buckets: (i) penalties exceeding the $100,000 regulatory cap, (ii) penalties exceeding the $25,000 regulatory cap when the account was closed (zero balance) at the time of the violation, (iii) penalties exceeding the $25,000 regulatory cap when the account balance was unknown at the time of the violation, and (iv) penalties falling within the regulatory caps that might be justified if properly assessed by applying § 1010.820.

There are several instances where the examining revenue agent did not appropriately apply the penalty caps imposed by § 1010.820. A stark example is the penalty assessed in excess of $100,000 on the UBS account in 2007 in the amount of $323,773. [ECF 16 at ¶ 37]. Beyond that improper assessment, however, there were additional instances where the agent further failed to apply the regulatory cap relative to the balance of the account at the time of the violation.

The IRS has always applied the FBAR penalty on the basis that "[a] filing violation occurs at the end of the day on June 30th of the year following the calendar year to be reported (the due date for filing the FBAR)." I.R.M. § 4.26.16.6.2(2) (apart from this administrative practice, there is no statutory or regulatory guidance concerning *when* a violation occurs). Thus, when the balance of an account is less than $25,000 at the time of the violation (i.e., the June 30 filing deadline), § 1010.820 mandates that a willful penalty be capped at $25,000. Yet, the IRS assessed an FBAR penalty for 2008 of $55,011 on UBS SA account ending x288 [ECF 44 at ¶ 44] even though the government readily acknowledges that the balance in such account was zero at June 30, 2009 [ECF 16 at ¶ 38]. Accordingly, the assessed penalty exceeds the $25,000 regulatory cap.

Moreover, when the balance of an account was not known as of the June 30 reporting deadline, the IRS applied the general penalty cap without regard to the balance in the account.

For example, with respect to the 2007 year, the IRS agent states that "[t]he $100,000 penalty amount was asserted for each of the Barclays accounts ending 622 and 000 was [sic] the maximum amount under 31 U.S.C. § 5321(a)(5)(C)(i) because the account balance in these accounts was unknown as of June 30, 2008." [ECF No. 57-34 at ¶ 24]. If the agent had properly used the $25,000 cap from § 1010.820 rather than the $100,000 statutory cap from 31 U.S.C. § 5321(a)(5)(C)(i), these assessed penalty amounts would have been substantially lower. Similarly, 2008 FBAR penalties were assessed on the Barclays 2 account in the amount of $54,041 [ECF 16 at ¶ 44] even though the account balance as of June 30, 2009 was unknown [ECF 16 at ¶ 38]. And 2009 FBAR penalties were assessed on the Societe Generale 1 account in the amount of $33,515 [ECF 16 at ¶ 52] even though the account balance as of June 30, 2010 was unknown [ECF 16 at ¶ 45]. Again, these penalty assessments exceeded the $25,000 regulatory cap under § 1010.820.

The foregoing examples alone involve penalties assessed of $666,540 out of total assessed penalties of $824,098 (greater than 80% of total). This demonstrates the harmful implications of the IRS' failure to apply § 1010.820, but is not necessarily all encompassing. In the end, it would be speculative to second-guess how the IRS might have calculated the total penalty assessments had it properly applied § 1010.820. Indeed, given the randomness of certain penalty amounts included in the assessments, it is very possible (if not probable) that the correct application of regulatory penalty caps on the readily identifiable calculation errors might have influenced other penalty determinations included in the assessed totals.[2]

---

[2] Although beyond the scope of undisputed facts in the motion for summary judgment, Colliot does not admit or agree that the account balances used by the IRS in calculating penalties are correct or that his conduct was willful.

The court should not substitute its discretion for that of the agency by attempting to adjust the penalty amounts to fit within the regulatory guidelines. *See United States v. Johnson,* 632 F.3d at 928 ("we are prohibited from substituting our judgment for that of the agency") (citing *United States v. Garner*, 767 F.2d 104, 116 (5th Cir. 1985) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415 (1971)). Thus, the proper remedy is to vacate the penalty assessments and dismiss this case.

V.   Dismissal Should Be Made With Prejudice

The United States brought this action to collect a debt purportedly owed and arising under the Bank Secrecy Act. [ECF 16]. A prerequisite for such a suit is the existence of a nontax debt or claim owed to the United States. 31 C.F.R. § 3711(g)(1). Because the FBAR penalty assessments against Colliot were unlawful, no validly existing debt is owed by Colliot to the United States unless and until penalties are assessed by applying the appropriate legal standards imposed by the governing regulation. The United States would need to re-assess penalties in a compliant manner to create an enforceable debt. In the absence of penalty debts validly owed to the United States, there is no basis upon which to maintain or continue this case. Therefore the case should be dismissed by the court.

Anything short of dismissal would effectively favor remedies unanchored in the text of the APA. A remedy that does not involve dismissal would require the Court to exercise discretion in place of that which the IRS should have exercised in applying the governing regulation. To hold otherwise (i.e., not dismiss case entirely) would require the Court to fashion a remedy where it decides how the overall penalties would have been applied by just looking at pieces of the total assessment. As noted above, the Court must not substitute its own discretion for that of the IRS.

9

Moreover, the prejudice caused by the IRS' glaring errors in calculating the penalty caps cannot be absolved by allowing the IRS to now provide alternative rationalization for any portion of the penalties assessed. The admitted failure to apply § 1010.820 taints the entirety of the penalty assessments made. Any attempt now to explain why any portion of the penalties might otherwise have been authorized under the governing regulation would be an impermissible *post hoc* rationalization of the basis for imposing penalties. "Post hoc explanations . . . are simply an inadequate basis for the exercise of substantive review of an administrative decision." *United States v. Johnson,* 632 F.3d at 928 (quoting *United States v. Garner,* 767 F.2d at 117).

As discussed above, the statute of limitations has now expired and the IRS is precluded from re-assessing penalties for the years at issue to comply with FinCEN regulations. Because the IRS is left unable to properly assess penalties now, the dismissal should be made with prejudice as recognition that vacatur in this case represents a final decision on the merits.

For these reasons, the FBAR penalty assessments must be vacated and the present suit should be dismissed with prejudice.

WHEREFORE, Defendant Dominique G. Colliot respectfully requests that this Court grant relief consistent with this brief.

                                              Respectfully submitted,

Dated:  June 14, 2018                  /s/Lawrence R. Kemm

                                          Lawrence R. Kemm
                                          Texas Bar No. 00784381
                                          CARLTON FIELDS JORDEN BURT, P.A.
                                          4221 W. Boy Scout Blvd., Suite 1000
                                          Tampa, FL   33607
                                          Tel:  813.229.4107
                                          Fax:  813.229.4133
                                          lkemm@carltonfields.com

                                          *Counsel for Defendant, Dominique G. Colliot*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which system serves the filed document on the same day to the following counsel of record:

| *Counsel for Plaintiff:* | *Counsel for Garnishee:* |
|---|---|
| **Herbert W. Linder**<br>US Department of Justice<br>Tax Division<br>717 N. Harwood, Suite 400<br>Dallas, TX 75201 | **Donald R. Littlefield**<br>Ballard & Littlefield, LLP<br>16475 Dallas Parkway, Suite 400<br>Dallas, TX 75001 |
| **Jon E. Fisher**<br>Department of Justice<br>Tax Division<br>717 N. Harwood, Suite 400<br>Dallas, TX 75201 | **Kristina L. Cunningham**<br>Ballard & Littlefield, LLP<br>3700 Buffalo Speedway, Suite 250<br>Houston, TX 77098 |

By:   /s/ Lawrence R. Kemm
Lawrence R. Kemm
Texas Bar No. 00784381
lkemm@carltonfields.com
*Counsel for Defendant, Dominique G. Colliot*